UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID CUMMING, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Civil No. 09-302-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
|     Respondent | ) |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

David Cumming has filed a petition pursuant to 28 U.S.C. § 2254, asserting that his 60-year sentence for a 1992 murder conviction is illegal and that his attorney performed ineffectively in not arguing that this was so. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket No. 1) at 2, 6-11.[1]

I recommend that the Petition be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because, on the face of the Petition and the exhibits submitted by Cumming, his Petition is untimely under 28 U.S.C. § 2244(d).

### I.  Applicable Legal Standard

Section 2244(d) provides:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>     **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Cumming was also convicted of kidnapping and a violation of a protective order and was sentenced to lesser concurrent terms on those counts. *See, e.g.*, Order To Summarily Dismiss Post-Conviction Petition ("State Post-Conviction Petition Dismissal"), *Cumming v. State*, Criminal Action Docket No. CR-06-059, at 1 (Me. Sup. Ct. Aug. 21, 2006), attached to Petition.

>   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

## II. Discussion

### A.   15 M.R.S.A. § 2128

The Maine Law Court affirmed Cumming's conviction on direct appeal on November 15, 1993.  *See State v. Cumming*, 634 A.2d 953 (Me. 1993).  In that appeal, Cumming did not challenge his sentence.  *See id*.  Cumming did not file a petition for post-conviction review until June 27, 2006.  *See* Petition at 4.  That petition was summarily dismissed by the post-conviction court on August 21, 2006, on the ground that it was untimely under the relevant statute of limitations, 15 M.R.S.A. § 2128(5).  *See* State Post-Conviction Petition Dismissal at 2-4.  Cumming moved for reconsideration, and the Superior Court denied that motion on September 14, 2006.  *See* Order on Motion To Reconsider ("Reconsideration Order"), *Cumming v. State*, Criminal Action Docket No. CR-06-059 (Me. Sup. Ct. Sept. 14, 2006), attached to Petition.

The Maine Law Court denied Cumming a certificate of probable cause on December 25, 2008.  *See* Order Denying Certificate of Probable Cause ("Certificate Denial"), *Cumming v. State*, Docket No. Pis-06-629 (Me. Dec. 24, 2008), attached to Petition.

There is no question but that Cumming's section 2244(d)(1)(A) year ran before he took any step to seek further review of his sentence after his conviction became final on direct appeal.

In his state post-conviction petition, Cumming relied on *State v. Schofield*, 2005 ME 82, 895 A.2d 927, *State v. Averill*, 2005 ME 83, 887 A.2d 519, *Apprendi v. New Jersey*, 530 U.S.

466 (2000), and *Blakely v. Washington*, 542 U.S. 296, 303 (2004). *See* State Post-Conviction Petition Dismissal at 2. *Schofield* addressed the implications of the United States Supreme Court's *Apprendi*, *Blakely*, and *United States v. Booker*, 543 U.S. 220 (2005), line of cases on a sentence that exceeded 20 years for a 17-A M.R.S.A. § 203 manslaughter conviction, *see Schofield*, 2005 ME 82, ¶¶ 5, 16-21, 895 A.2d at 929, 932-33, and *Averill* applied these precedents in the context of a gross sexual assault conviction, *see Averill*, 2005 ME 83, ¶¶ 2, 7-11, 887 A.2d at 520-22.

In its order summarily dismissing Cumming's 2006 petition, the Superior Court concluded that Cumming's petition for post-conviction review was untimely under 15 M.R.S.A. § 2128(5)(A), that the *Schofield* decision did not create a new constitutional right, and that, even if it did, it did not apply retroactively. *See* State Post-Conviction Petition Dismissal at 2, 4. Accordingly, it concluded that Cumming could not rely on 15 M.R.S.A. § 2128(5)(B). *See id*. at 4. *See also Carmichael v. State*, 2007 ME 86, ¶ 42, 927 A.2d 1172, 1181-82. Subsection (5)(B) permits the filing of post-conviction petitions one year from the "date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review." 15 M.R.S.A. § 2128(5)(B).

In his motion for reconsideration of the Superior Court's order, Cumming turned to 15 M.R.S.A. § 2128(5)(C), which provides a petitioner a year from "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* Motion for Reconsideration of Summary Dismissal, *Cumming v. State*, Criminal Action Docket No. CR-06-059 (Me. Sup. Ct.), attached to Petition, at 2; 15 M.R.S.A. § 2128(5)(C). The post-conviction court concluded in its order on this motion that Cumming's

3

*Schofield* "argument automatically implicates 15 M.R.S.A. § 2128(5)(B) by its very language, given Petitioner's assertion of an allegedly new constitutional right." Reconsideration Order at 3. "Further," the court noted, "Petitioner's argument asserts a legal predicate rather than a 'factual predicate,' as required by 15 M.R.S.A. § 2128(5)(C)." *Id.*[2] The Maine Law Court denied a certificate of probable cause, rejecting Cumming's assertion "that the Superior Court erroneously interpreted the statute of limitations for post-conviction review and erred in summarily dismissing Petitioner's petition for post-conviction review." Certificate Denial.[3]

### B.  28 U.S.C. § 2244

With respect to the timeliness of this Petition, Cumming represents that he was unaware that he had a Sixth Amendment right to have a jury, not a judge, decide the facts that determined his sentence. *See* Petition at 14. In his motion in support of this Petition, he indicates that *Schofield* alerted him to his right. *See* Motion in Support of Appeal and Jurisdiction, attached to Petition, at 3.

However, even if the Law Court had concluded that *Schofield* was retroactive to state post-conviction proceedings, that would not have translated into retroactivity for purposes of Cumming's federal Petition under the 28 U.S.C. § 2244(d)(1)(C) limitations period. Only

---

[2] Another bar to 28 U.S.C. § 2254 review of Cumming's Petition is the fact that the state courts' determination of untimeliness in Cumming's case is premised on an independent and adequate state procedural rule. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Lynch v. Ficco*, 438 F.3d 35, 45 (1st Cir. 2006); *see also Siebert v. Allen,* 455 F.3d 1269, 1271 -72 (11th Cir. 2006) (statute of limitations); *Abdus-Samad v. Bell,* 420 F.3d 614, 623-24 (6th Cir. 2005) (same).

[3] The Law Court had stayed Cumming's proceeding pending the final disposition by the United States Supreme Court of a petition for writ of certiorari in *Libby v. Maine,* 2007 ME 80, 926 A.2d 724. In *Libby*, the Law Court summarized:
> Libby argues that the trial court failed to apply the holdings of *Apprendi* and *Schofield,* which recognize the existence of a Sixth Amendment right to have a jury determine, beyond a reasonable doubt, any fact that increases the penalty for a crime beyond the prescribed statutory maximum. We conclude that the holdings of *Apprendi* and *Schofield* do not apply to the current murder sentencing statutes and therefore affirm the judgment of the trial court dismissing his petition.

2007 ME 80, ¶ 1, 926 A.2d at 724-25 (footnote omitted). With *Libby* resolved, the Law Court approved the Superior Court's interpretation of the statute of limitations in Cumming's case. *See* Certificate Denial.

United States Supreme Court precedent is operative under that provision, and only the United States Supreme Court can make a case retroactive to federal habeas petitions. *See, e.g., Tyler v. Cain*, 533 U.S. 656 (2001).

*Apprendi*, *Blakely*, and *Booker* have not been made retroactive to cases on collateral review by the United States Supreme Court. *See United States v. Fraser,* 407 F.3d 9, 11 (1st Cir. 2005); *Cirilo-Muñoz v. United States,* 404 F.3d 527, 532 (1st Cir. 2005); *Cuevas v. Derosa,* 386 F.3d 367, 368 (1st Cir. 2004); *see also St. Pierre v. Warden*, Civil No. 09-252-B-W, 2009 WL 1886114 (D. Me. July 1, 2009); *Goodale v. Maine*, Civil No. 09-130-B-W, 2009 WL 949087 (D. Me. Apr. 6, 2009) (rec. dec., *aff'd* Apr. 16, 2009); *Craney v. Maine*, Civil No. 09-123-B-W, 2009 WL 949083 (D. Me. Apr. 2, 2009) (rec. dec., *aff'd* Apr. 14, 2009); *Coombs v. Maine,* Civil No. 09-120-B-W, 2009 WL 949086, at *2 (D. Me. Mar. 31, 2009) (rec. dec., *aff'd* Apr. 14, 2009); *Newbury v. Maine,* Civil No. 08-299-B-W, 2008 WL 4330304, at *1-*2 & n.2 (D. Me. Sept. 17, 2008) (rec. dec., *aff'd* Oct. 6, 2008). Thus, because it is untimely, the instant Petition must fail.

### III. Conclusion

For the foregoing reasons, I recommend that the Court summarily **DENY** this 28 U.S.C. § 2254 Petition pursuant to Rule Governing Section 2254 Proceedings 4. I further recommend that a certificate of appealability should not issue in the event Cumming files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for*

*which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.   A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 26th day of July, 2009.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
